*Ricketts v. Barr*

BIA
Wilson, IJ
A061 134 923

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

EMRON FITZROY RICKETTS,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

17-2875
NAC

_____

FOR PETITIONER: Abdolreza Mazaheri, Sethi & Mazaheri, LLC, New York, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Ashley Y.

Martin, Trial Attorney; Sarah George, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Emron Fitzroy Ricketts, a native and citizen of Jamaica, seeks review of an August 16, 2017 decision of the BIA affirming a December 19, 2016 decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Emron Fitzroy Ricketts*, No. A061-134-923 (B.I.A. Aug. 16, 2017), *aff'g* No. A 061-134-923 (Immig. Ct. N.Y. City Dec. 19, 2016). We assume the parties' familiarity with the underlying facts, the procedural history in this case, and the issues on appeal.

We have considered the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our jurisdiction to review a final order of removal of a person, like Ricketts, who is removable for an

2

aggravated felony, is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D).

## I.   Withholding of Removal

To demonstrate eligibility for withholding of removal, Ricketts must "establish that race, religion, nationality, membership in a particular social group, or political opinion was or w[ould] be at least one central reason for" his persecution.   8 U.S.C.   § 1158(b)(1)(B)(i);   *see   also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (applying "one central reason" standard to withholding of removal). Ricketts here claims withholding of removal based on his membership in a particular social group, which he defines as "police informants." The agency concluded that Ricketts did not qualify for withholding of removal for two reasons. First, the agency held that this social group was not sufficiently particular or socially distinct. *See Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014)("[W]hat matters is whether society as a whole views a group as socially distinct, not the persecutor's perception."). Second, the agency held that even if the group were sufficiently particular or socially distinct, Ricketts failed to establish that the Jamaican government would be unwilling

3

or unable to protect him. Ricketts now challenges both conclusions.

According to Ricketts, the agency incorrectly concluded that his proposed social group of police informants was not sufficiently particular or socially distinct. But even assuming that was error, Ricketts's petition must still be denied because he does not raise any colorable constitutional challenges or questions of law concerning the agency's alternative factual finding that he did not show that the government would be unwilling or unable to protect him. Ricketts argues that the IJ erred by holding that his credible testimony is insufficient to establish that the Jamaican government could not protect him from persecution. But in fact, the agency did not hold as a matter of law that credible testimony cannot suffice on this score; it held that Ricketts's testimony was unpersuasive because, among other things, he also testified that he had never reported any threats to Jamaican law enforcement and that the police were already targeting one of the men against whom he had worked as an informant.

Accordingly, we dismiss Ricketts's petition as to withholding of removal, denying as moot his challenge to the

4

agency's legal conclusion that he had not established a valid particular social group.

## II. Convention Against Torture

Our review of the agency's denial of CAT relief is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015). For jurisdiction to attach, the constitutional claim or question of law must be colorable. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008). To receive protection under the CAT, an applicant must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

Ricketts claims that he would be tortured (1) by the Grant family because he provided information to law enforcement about them and (2) by the Jamaican police because

5

he was a criminal deportee. But the IJ did not overlook relevant evidence or otherwise commit legal error in determining that Ricketts had not established a likelihood of torture by or with the acquiescence of Jamaican officials. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (although the agency may commit an error of law if it "totally overlook[s]" or "seriously mischaracterize[s]" evidence, it "does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy"). The agency considered Ricketts's testimony and the country conditions evidence in the record and was not required to parse each piece of evidence. *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered"); *see also Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Record evidence also supports the IJ's findings that the Jamaican government would not turn a blind eye to any harm he may experience given its investigation of one of his purported persecutors and the

6

lack of objective evidence that the police torture criminal deportees.

Ricketts further argues that the IJ applied the incorrect standard of government acquiescence when he concluded that Ricketts "bears the burden of showing that the government will engage in torture if he were to go back to Jamaica." CAR at 90. But the IJ applied this standard only in assessing Ricketts's claim that the police would torture him for being a criminal deportee. When reviewing whether the police would turn a blind eye to any harm from the Grant family, the IJ applied the correct standard: that a CAT applicant "must show that he would be subject to torture by or at the instigation of or with the consent or acquiescence of a public official or person acting in an official capacity." *Id.* at 83.

Ricketts's final contention that, *contra* the IJ's determination that he could locate within Jamaica, the Grants could harm him anywhere in Jamaica is a factual dispute that we do not have jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (holding that the likelihood of future events is a factual determination). Ricketts has therefore failed to identify questions of law related to his CAT claim, and we

7

have no jurisdiction to further review the agency's CAT determination. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

III. Conclusion

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

8